■ OKSANA EREMINA, Respondent, v ALEKSANDR DOBRYNIN et al., Appellants, et al., Defendant. [998 NYS2d 653]—

In an action to recover damages for personal injuries, the defendants Aleksandr Dobrynin and Horton Trans II, Inc., appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Vaughan, J.), dated May 29, 2013, as denied their motion for summary judgment dismissing the complaint insofar as asserted against them on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident.

Ordered that the order is affirmed insofar as appealed from, with costs.

The appellants failed to meet their prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). The papers submitted by the appellants failed to adequately address

the plaintiff's claim, set forth in the bill of particulars, that she sustained a serious injury to the lumbar region of her spine under either the permanent consequential or significant limitation categories of Insurance Law § 5102 (d) (*see generally Staff v Yshua*, 59 AD3d 614 [2009]).

Since the appellants did not sustain their prima facie burden, it is unnecessary to determine whether the papers submitted by the plaintiff in opposition were sufficient to raise a triable issue of fact (*see Che Hong Kim v Kossoff*, 90 AD3d 969 [2011]). Therefore, the Supreme Court properly denied the appellants' motion for summary judgment dismissing the complaint insofar as asserted against them. Mastro, J.P., Chambers, Cohen and Barros, JJ., concur.